NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MATEO MATIAS SIMON,

            Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No.    20-71540

Agency No. A208-312-175

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2023[**]
Pasadena, California

Before: TASHIMA, HURWITZ, and BADE, Circuit Judges.

    Mateo Matias Simon, a native and citizen of Guatemala, petitions for review

of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal

from an order of an immigration judge ("IJ") denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We "review factual findings for substantial evidence and legal questions de novo." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). Under the substantial evidence standard, the agency's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quotation marks and citation omitted). We deny the petition for review.

1.      Matias Simon challenges the agency's denial of his petitions for asylum and withholding of removal based on its determination that he ailed to establish the requisite nexus between any past or feared future harm and a protected ground. The BIA affirmed the IJ's determination that Matias Simon's claims were "solely premised on his fear of gang recruitment and gang violence in Guatemala" and agreed with the IJ that Matias Simon failed to meet "his burden of proof to demonstrate [the requisite] nexus between any past or future persecution in Guatemala and a protected ground." Matias Simon does not meaningfully challenge the BIA's characterization of the basis for his claims or the BIA's nexus determination and, thus, has waived review of those issues. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

        In any event, substantial evidence supports the BIA's determination that

Matias Simon failed to establish eligibility for asylum and withholding of removal. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (holding that resistance to a gang's recruitment efforts, by itself, does not constitute a political opinion for purposes of establishing a protected ground), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

2.      Substantial evidence also supports the agency's denial of CAT protection. The record does not compel the conclusion that it is more likely than not that Matias Simon would be tortured by or with the acquiescence of the government if returned to Guatemala.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (evidence of generalized violence and crime in Mexico not particular to petitioners did not satisfy the petitioners' burden).

**PETITION DENIED.**